



Fee Paid NP 5

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CHARLES O. THOMPSON, SB# 139841
E-Mail: thompsonc@lbbslaw.com
DAVID LUCERO, SB# 253300
E-Mail: dlucero@lbbslaw.com
One Sansome Street
Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

E-FILING

Filed
APR 18 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Attorneys for Defendant
PSC INDUSTRIAL OUTSOURCING INC

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C/PVT

| | |
|---|---|
| LISAMARIE BRAYDEN, Plaintiff, v. PSC INDUSTRIAL OUTSOURCING, INC., MARK BLANCHARD, JOE HAMBY, BRUCE ROBINSON and DOES 1 through 1-50, Defendant. | CASE NO. C 08 02045 PVT<br>[Removed from Monterey County Superior Court, Case No. M85575]<br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §1441(B) (DIVERSITY JURISDICTION)**<br>Complaint Filed: August 1, 2007<br>Initial Removal: September 21, 2007<br>Remand Order: February 12, 2008<br>Second Removal: March 17, 2008 |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHER DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. ss 1332 (a)(1), 1441 (a) and 1446, Defendants PSC INDUSTRIAL OUTSOURCING, INC. (hereinafter "PSC"), JOE HAMBY (hereinafter "Hamby") and BRUCE ROBINSON (hereinafter "Robinson") (hereinafter collectively referred to as "Defendants") hereby remove the above-entitled action from Superior Court of the State of California in and for County of Monterey, to the United States District Court for the Northern District of California.

///

///



LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**REMOVAL JURISDICTION**

1. Legal Framework. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this action involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. In support of this removal, Defendants make the following showing:

2. Plaintiff's Complaint. - On August 1, 2007, Plaintiff LisaMarie Brayden ("Plaintiff") filed a Complaint in the Superior Court of the State of California in the County of Monterey, entitled *LisaMarie Brayden v. PSC Industrial Outsourcing, Inc. et al.*, Case No. M85575 ("Complaint"). A copy of the Complaint is attached as **Exhibit A** to the Declaration of Charles O. Thompson ("Thompson Decl."). The Complaint purports to allege two causes of action: (1) wrongful termination in violation of public policy and Government Code section 12940 *et seq.* and (2) sexual harassment.

3. Service of Complaint. Defendants received notice of this lawsuit on or about August 22, 2007, when Defendant Hamby was served a copy of the Summons and Complaint. Defendant PSC, was also served with a copy of the Summons and Complaint on August 29, 2007. Defendant Robinson received a copy of the Complaint on or about August 24, 2007. He has not been served with Complaint, but voluntarily agreed to appear in this action on September 20,. 2007. Plaintiff has not yet served Defendant Blanchard with the Complaint.

4. Answer Filed in Superior Court. Defendants PSC, Hamby and Robinson filed their Answer to the Complaint in the Monterey Superior Court on or about September 20, 2007. *See* **Exhibit B** to Thompson Decl.

5. Initial Notice of Removal. On September 21, 2007, Defendants removed this action pursuant to 28 U.S.C. § 1332 on the grounds that complete diversity existed between the parties because the only California Defendant, Joe Hamby, was improperly joined as a party because Plaintiff had failed to state a viable cause of action against Hamby. *See* **Exhibit C** to Thompson Decl.; *see also* ¶¶ 16-29 *infra.*

6. Plaintiff's Motion for Remand and Defendant's Opposition. Plaintiff filed

Motion for Remand and Defendants opposed this motion. *See* **Exhibit D** to Thompson Decl. On December 14, 2007, the matter came to a hearing before the Honorable Jeremy Fogel. After hearing oral argument on Plaintiff's Motion, the Court took the matter under submission. *See* **Exhibits E** to Thompson Decl.

7. Order of Remand. On February 12, 2008, the Court issued an opinion and order, remanding the cause to Superior Court. *See* **Exhibit F** to Thompson Decl. The Court ruled that Plaintiff's first cause of action for Wrongful Termination was actionable against Hamby. *Ibid.* The Court reached its conclusion because it determined that Plaintiff intended to plead a claim against Hamby for retaliation under the Fair Employment and Housing Act (hereinafter "FEHA"). *Ibid.* The Court concluded that, based on the existing case law, Hamby could be individually liable for retaliation, and was thus, not a sham defendant. *Ibid.*

8. Significant Change in Law Effecting Removability. It is well established that a defendant may make a second removal petition when subsequent events justify removal. *See e.g., S.W.S. Erectors, Inc. v. Infax, Inc.* (5th Cir. 1996) 72 F.3d 489, 492-93. On March 3, 2008, the California Supreme Court issued its opinion in *Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, holding that **individual supervisors cannot be personally liable for retaliation.** *See* **Exhibit G** to Thompson Decl. Here, because there has been a significant change in the law, thereby destroying Plaintiff's only viable claim against Hamby, Defendants petition for removal is justified. *See Kirkbade v. Continental Casualty Co.* (9th Cir. 1991) 933 F.2d 729, 732 (finding a legislative enactment to be a sufficient change of circumstances permitting successive petitions for removal from state to federal court.).

9. Removal is Timely. A Second Notice of Removal was filed on March 17, 2008, well within 30 days after the California Supreme Court issued its decision in *Jones v. Lodge at Torrey Pines Partnership.* For approximately two and a half weeks, Defendants' Second Notice of Removal was in the possession of Judge Fogel's court clerks while the clerks decided how to process Defendant's motion. During this two and a half week period, Defense counsel made numerous attempts to aid the clerks in the processing of Defendant's motion. During one of the numerous telephone calls from Defense counsel, Judge Fogel's docket clerk, Gordana Macic,

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

assured counsel that the time period for filing the Notice was tolled, since the Court had *received* the Notice well before any deadline. *See* Declaration of David A. Lucero (Lucero Decl.). A few days later, Ms. Macic's supervisor, Ms. Snooky, informed Defense counsel that a new federal case number was needed, which is accomplished by re-filing Defendant's removal papers with the Federal Court.[1] *Ibid.* Thus, removal is timely pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a) because Defendants filed their Second Notice of Removal within thirty (30) days from the date they learned of information unequivocally establishing that Plaintiff's claim of retaliation against Hamby was not actionable, conclusively making Hamby a sham defendant. *See Mattel v. Bryant* (C.D. Cal. 2005) 441 F.Supp.2d 1081, 1089-90 (second notice of removal timely when filed within thirty days after defendant learned of "unequivocally clear and certain information" supporting removal.). Defendants, relying upon the assurance of Judge Fogel's court clerks and the above-referenced case law, respectfully request that this Court remove this case from the Superior Court for the County of Monterrey.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

## DIVERSITY JURISDICTION

10. Grounds for Jurisdiction. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states wherein the amount in controversy is in excess of the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

11. Plaintiff's Citizenship. Defendants are informed and believe that Plaintiff is, and has been at all times since the commencement of this action, a citizen and resident of the State of California, Stanislaus County. *See* DFEH Complaint attached as **Exhibit H** to Thompson Decl. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesly Galleries, Ltd.*, 707 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer,* 29 F.3d 514, 520 (10th Cir. 1994).

---

[1] Defense counsel also spoke with Calendar clerk, Ms. Teresa Fleishman, on numerous occasions regarding the status of Defendant's Notice of Removal.

12. Defendant PSC. Plaintiff names PSC as a Defendant in each of her two causes of action. Complaint, ¶¶ 5-15 and 16-18. PSC, was at the time of the filing of this action, incorporated under the laws of the State of Delaware with its principal place of business and headquarters located in Houston, Texas. Pursuant to 28 U.S.C. § 1332 (c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

13. Defendant Robinson. Plaintiff names Robinson as a Defendant in each of her two causes of action. Complaint, ¶¶ 5-15 and 16-18. Robinson, was at the time of the filing of this action, and still is domiciled in the State of Washington, and is thus, a citizen of Washington. *See Kantor,* 704 F.2d at 1090.

14. Defendant Blanchard. Plaintiff names Blanchard as a Defendant in each of her two causes of action. Blanchard is Plaintiff's former supervisor. Blanchard, was at the time of the filing of this action, and still is domiciled in the State of Louisiana, and is thus, a citizen of Louisianna. *See id.*

15. Defendant Hamby. Although Plaintiff only references Hamby in one line of her Complaint (*i.e.*, ¶ 3, line 26), Plaintiff also names Hamby as a Defendant in each of her two causes of action. Complaint, ¶¶ 5-15 and 16-18. Hamby is the site manager of the PSC San Ardo Facility, where Plaintiff worked. Hamby, was at the time of the filing of this action, and still is domiciled in California, and is thus, a citizen of California. *See Kantor*, 704 F.2d at 1090.

16. Joinder of Hamby is Fraudulent. For the reasons explained herein, Hamby is not properly named as party because Plaintiff cannot establish liability against him. A defendant, who has been fraudulently joined, such as Hamby, must be disregarded for removal purposes. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (holding that discharged employee failed to state cause of action against individual supervisors, under California law, and thus their joinder as defendants was sham and their presence did not destroy diversity); see also *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983) (court may disregard joinder and retain jurisdiction where joinder of non-diverse defendant is only a fraudulent device to prevent removal).

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

17. Plaintiff's Claims Against Hamby are Not Actionable. The causes of action against Defendant Hamby are (1) wrongful termination in violation of public policy and Government Code section 12940 *et seq.* and (2) sexual harassment. None of these claims are actionable as to this individual Defendant.

18. Wrongful Termination Claims are Not Actionable Against Supervisors. "[I]n California it is well established that, '[a]s a matter of law, only an employer can be liable for the tort of wrongful discharge in violation of public policy.'" *Beck v. Fedex Ground*, 2007 U.S. Dist. LEXIS 53152, *) (E.D. Cal.2007) (quoting *Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal.App.4th 32, 53 (2003).). Plaintiff was exclusively employed by PSC. Thus, as a matter of law, Plaintiff first cause of action against Hamby is wholly without merit. As such, Plaintiff has fraudulently joined Hamby as a Defendant in her first cause of action. *McCabe*, 811 F.2d at 1339 (providing, "If plaintiff fails to state cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").

19. Plaintiff's Sexual Harassment Claim Against Hamby is Wholly Devoid of Merit. Equally spurious is the second cause of action against Hamby, for sexual harassment. Plaintiff alleges that Blanchard sexual harassed her by, *inter alia* "assaulting her on two occasions by pulling out her top and peering down at her breasts, and by grabbing her forcefully by the buttocks." Complaint, ¶ 7. Plaintiff, however, does not make any specific allegations against Hamby in regards to this cause of action. In fact, in her Complaint, Plaintiff makes only one reference to Hamby as follows: "Defendant Joe Hamby, [sic.] at all times relevant hereto, was the Site manager at the same facility." Complaint, ¶ 3. There are no other factual allegations as to Hamby to even remotely suggest that he ever engaged in any sexually harassing conduct toward Plaintiff, or engaged in any alleged inappropriate conduct whatsoever. Instead, she simply concludes that "Defendants and each of them and/or their agents/employees sexually harassed plaintiff and/or failed to take immediate and appropriate and appropriate corrective action." Complaint, ¶ 17. This is insufficient to state a cause of action against Hamby. Supervisors cannot be vicariously liable acts of the subordinates. *See* Civ. Code § 2351 ("agent is not responsible to

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

third persons for the acts of the sub-agent"). Furthermore, supervisory employees cannot be held liable for failing to take action to prevent the sexual harassment of a subordinate employee. *Fiol v. Doellstedt*, 50 Cal.App.4th 1318, 1326 (1996) (stating "a supervisory employee owes no duty to his or her subordinate employee to prevent sexual harassment in the workplace. That is a duty owed only by the employer . . . We conclude a supervisory employee is not personally liable under the FEHA as an aider and abettor of harassment for failing to prevent the sexual harassment of a subordinate employee") (internal citations omitted). Thus, Plaintiff has fraudulently joined Defendant in her second cause of action as well. *See McCabe*, 811 F.2d at 1339.

20. Doe Defendants. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

21. The Amount In Controversy Exceeds the Jurisdictional Limit. The amount in controversy in this action, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000).[2] In the Complaint, Plaintiff alleges that she has suffered and continues to suffer damages, including "embarrassment, humiliation, fear for her safety, emotional distress, loss of past and future earnings and earning capacity, employment benefits, medical and other special damages according to proof." Complaint, ¶¶ 13 and 18. Additionally, Plaintiff prays for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Accn.*, 325 F.2d 785, 787 (9th Cir. 1963). Finally, Plaintiff prays for attorneys' fees and costs. Complaint, pg. 5, line 6. If attorneys' fees are recoverable by statute or contract, then the fees claim is included in determining the amount in controversy. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459 U.S. 945 (1982).

---

[2] Notably, Plaintiff's failure to specify the amount of damages sought in the Complaint does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding plaintiff's failure to plead a specific dollar amount in controversy; if rules were otherwise, "any plaintiff could avoid removal simply by declining ... to place a specific dollar value on its claim").



LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

In determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332 (a), a court should consider the aggregate value of claims for compensatory and punitive damages. *See e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement if plaintiff "might recover" award of compensatory and punitive damages in excess of amount in controversy requirement). Accordingly, Plaintiff's alleged economic, compensatory, and punitive damages bring the total amount in controversy to a sum exceeding $75,000. The amount in controversy requirement is satisfied because it it "more likely than not" that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

22. This Court Possess Original Juridiction. Under 28 U.S.C. § 1332 (a)(3), this Court possesses original jurisdictional over this action because it involves an amount in controversy in excess of $75,000 and is between citizens of different states. Consequently, the case is properly removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

**VENUE**

23. Venue lies in the Northern District of California. This action was originally brought in the Superior Court of the State of California, County of Monterey. All of the alleged wrongful conduct which Plaintiff complains of took place in San Ardo, California, which is located in Monterey County. Complaint, ¶ 1. A civil action founded on diversity jurisdiction may be venued in a judicial district in which a substantial part of the events or omissions giving rise to the wrongful conduct occurred. 28 U.S.C. § 1391 (a). Monterey County is part of the Northern District of California. 28 U.S.C. § 84(a). Accordingly, venue is proper.

**NOTICE TO PLAINTIFF AND STATE COURT**

20. Compliance with 28 U.S.C. § 1446 (d). Pursuant to 28 U.S.C. § 1446(d), Defendants, concurrently with filing this Notice of Removal, is filing a Notice of Removal with the Clerk of the Superior Court for the County of Monterey. In addition, Defendants are serving Plaintiff's counsel with a copy of the Notice of Removal. *See* **Exhibits I** to Thompson Decl.

///

///

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

WHEREFORE, Defendants pray that the above action now pending before the Superior Court of the State of California for the County of Monterey be removed to this Court.

DATED: April 5, 2008

LEWIS BRISBOIS BISGAARD & SMITH LLP

By ______________________
Charles O. Thompson
David A. Lucero
Attorneys for Defendant PSC Industrial Outsourcing, Inc.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Lisa Marie Brayden

**DEFENDANTS**
PSC Industrial Outsourcing, Inc.
Mark Blanchard
Joe Hamby
Bruce Robinson

C08 02045 PVT

(b) County of Residence of First Listed Plaintiff Stanislaus
(EXCEPT IN U.S. PLAINTIFF CASES)

E-FILING

County of Residence of First Listed Defendant Delaware, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Peter N. Lamberto
Lamberto & Kreger
160 W. Santa Clara
San Jose, CA 95113
Tel: 408-999-0300

ADR

Attorneys (If Known)
Charles O. Thompson Tel:415-362-2580
Melynnie A. Rizvi
David A. Lucero
Lewis Brisbois Bisgaard & Smith
One Sansome St., Ste. 1400, San Francisco, CA 94104

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

PERSONAL INJURY
- 362 Personal Injury - Med. Malpractice
- 365 Personal Injury - Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- [X] 442 Employment
- 443 Housing/ Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motion to Vacate Sentence

Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/ Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
California Government Code Section 12940 et seq., Sexual Harassment and Wrongful Termination. Removal under 28 USC 1441(a); Defendant Hamby is a sham Defendant.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $**

[ ] CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE
Please refer to Civil L.R. 3-12 concerning requirement to file "Notice of Related Case"
DOCKET NUMBER

DATE 4/18/08 SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.