**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CHARLES O. THOMPSON, SB# 139841
DAVID LUCERO, SB# 253300
One Sansome Street
Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant
PSC INDUSTRIAL OUTSOURCING, INC.,
MARK BLANCHARD, JOE HAMBY, and BRUCE ROBINSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lisa Marie Brayden, <br><br> Plaintiff, <br><br> v. <br><br> PSC Industrial Outsourcing, Inc., Mark Blanchard, Joe Hamby, and Bruce Robinson, <br><br> Defendant. | CASE NO. C08-02045PYT <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Scheduling Conf.: August 5, 2008 <br> 2:00 p.m. <br> Courtroom 5 <br> Hon. Patricia V. Trumbull <br><br> Action filed: August 1, 2007 |

Pursuant to Civil Local Rule 16-9, on July 15 and 16, 2008, electronic communication was held between Peter Lamberto of Lamberto & Kreger LLP, representing Plaintiff Lisa Marie Brayden (hereinafter "Plaintiff"), and Charles O. Thompson and David A. Lucero of Lewis Brisbois Bisgaard & Smith LLP, representing Defendants PSC Industrial Outsourcing, Inc. (hereinafter "PSC"), Mark Blanchard, and Bruce Robinson (collectively "Defendants").[1] The parties submit this Joint Case Management Statement addressing the agenda items listed on the Court's Standing Order pertaining to Joint Management Statements, effective March 1, 2007.

1. **Jurisdiction and Service:**

This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), in that it is an action between citizens of different states wherein the amount of

---

[1] Named-defendant Joe Hamby was improperly joined as a party because Plaintiff had failed to state a viable cause of action against Hamby.

4819-7591-5522.1    -1-

1  controversy is in excess of the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of
2  interest and costs.

3  Defendants are informed and believe that Plaintiff is, and has been at all times since the
4  commencement of this action, a citizen and resident of the State of California. For diversity
5  purposes, a person is a "citizen" of the state in which she is domiciled. Defendant PSC was, at the
6  time of the filing of this action, incorporated under the laws of the State of Delaware with its
7  principal place of business and headquarters in Houston, Texas. Pursuant to 28 U.S.C. §
8  1332(c)(1), a corporation shall be deemed a citizen of any State by which it has been incorporated
9  and of the State where it has its principal place of business. Defendant Bruce Robinson was, at
10 the time of the filing of this action, and still is domiciled in the State of Washington, and is thus, a
11 citizen of Washington. Defendant Mark Blanchard was, at the time of the filing of this action, and
12 still is domiciled in the State of Louisiana, and is thus, a citizen of Louisiana. Defendant Joe
13 Hamby, as stated above, is a fraudulent defendant.[2]

14 **2.   Facts:**

15 Plaintiff was hired by PSC on March 1, 2007 as an at-will, part-time administrative
16 assistant in PSC's San Ardo office. At the time of hiring, Plaintiff reported to Cheryl Sarzotti, the
17 San Ardo Office Manager. During Plaintiff's employment, she was assigned to temporarily assist
18 Defendant Mr. Blanchard, who was the Health and Safety Supervisor at the time. Plaintiff claims
19 that, while working with Mr. Blanchard, Mr. Blanchard physically and verbally harassed her in an
20 inappropriate and sexual manner.

21 In May 2007, Ms. Brayden spoke to her supervisor, Ms. Sarzotti, about the alleged
22 harassing conduct of Mr. Blanchard. Shortly thereafter, on May 31, 2007, Ms. Brayden submitted
23 a formal complaint to the Employees Ethics hotline claiming she had been verbally and physically
24 sexually harassed by Mr. Blanchard. The complaint further alleged that she had been demoted by
25 PSC and forced to clean up hazardous material in PSC's yard in response to her prior complaints
26 about the sexual harassment. Defendant contends that upon receiving Ms. Brayden's complaint,

27 ———
28 [2] The only California defendant, Joe Hamby, was improperly joined as a party because Plaintiff had failed to state a viable cause of action against Hamby.

4819-7591-5522.1                -2-

Bruce Robinson, the Director of Human Resources, immediately initiated an investigation into Ms. Brayden's allegations of harassment and retaliation. Mr. Robinson's investigation of Ms. Brayden's allegations of retaliation, i.e., demotion and yard duty, did not substantiate her allegations, as there is no evidence of a promise for promotion to Ms. Brayden or being forced to perform duties beyond those normally required by her position as a part-time administrative assistant.

Plaintiff contends that Mark Blanchard verbally and physically sexually harassed her during her employment with PSC. Ms. Brayden further contends that PSC, in retaliation for her claims of sexual harassment by Mr. Blanchard, demoted her to a manual labor position of yard clean-up, from her assistant safety officer position, and required her to handle toxic and/or dangerour materials without proper protective clothing and equipment, and shunned her. Ms. Brayden further contends that, as a result of this alleged retaliatory conduct, and in fear for her safety and well-being, Ms. Brayden relinquished her job on June 15, 2007, in accord with the at-will employment relationship with PSC.

Defendants unequivocally deny that Mr. Blanchard sexually harassed the Plaintiff. Defendants contend that it was Plaintiff who engaged in sexually harassing conduct toward Mr. Blanchard. Further, PSC denies that it, Joe Hamby, or Bruce Robinson ever retaliated against Plaintiff.

3. **Legal Issues:**

   A. **Wrongful Termination in Violation of Public Policy**

   In order to maintain a claim for wrongful termination in violation of public policy, an individual must successfully prove that: (i) an employer/employee relationship existed; (ii) a termination or other adverse employment action occurred; (iii) the termination of the individual's employment was a violation of public policy, in that a nexus existed between the individual's reporting of company wrongdoing and the termination of the individual's employment; and (iv) the termination of the individual's employment caused the individual to suffer damages.

4819-7591-5522.1                                    -3-

B. **Retaliation**

In order to maintain a claim for retaliation pursuant to *California Government Code* section 12940 *et seq.*, the burden of proof on a pretrial motion differs from the burden of proof at trial. At earlier stages of the action (e.g., on a motion for summary judgment), the court applies a "shifting burden" test for analyzing the parties' evidentiary offerings. In order to assert a prima facie case of retaliation under FEHA, a plaintiff must show that: (i) she engaged in protected activity by either making a complaint or opposing certain unlawful conduct; (ii) she was then subjected to an adverse employment action; and (iii) a causal link exists between her protected activity and the adverse employment action. *See Akers v. County of San Diego* (2002) 95 Cal.App.4th 1441, 1453.

Such evidence, however, only satisfies Ms. Brayden's initial burden. Once an employee establishes a prima facie case, the employer is required to offer a legitimate, non-retaliatory reason for the adverse employment action. *McRae v. Department of Corrections and Rehabilitation* (2006) 142 Cal.App.4th 377, 388. If the employer produces a legitimate reason for the adverse employment action, the presumption of retaliation "drops out of the picture, and the burden shifts back to the employee to prove intentional retaliation." *Ibid.* The plaintiff must then attack the employer's proffered reasons by proving, through competent evidence, that the employer's proffered justification is mere pretext.

C. **Constructive Termination**

In order to successfully prove a claim for constructive wrongful termination, a plaintiff must prove that: (i) there were intolerable conditions (the conditions giving rise to the resignation must be extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and serve his or her employer); and (ii) the employee's resignation must be coerced and not caused by voluntary action of the employee or by conditions beyond the employer's control. *See Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238, 1245-46. Thus, in order to establish a constructive discharge, an employee must prove that the employer either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated that a reasonable person in the employee's position would be compelled to resign.

4819-7591-5522.1                                              -4-

### D. Sexual Harassment

In order to maintain a claim for sexual harassment, an individual must prove that she was subject to unwelcome verbal or physical conduct because of her sex and that such conduct created an intimidating, hostile, or offensive environment, such that the individual is unable to perform her job duties. *See* 29 CFR §1604.11(a); *Meritor Savings Bank v. Vinson* (1986) 477 U.S. 57; *Fisher v. San Pedro Peninsula Hosp.* (1989) 214 Cal. App. 3d 590.

### E. Failure to Prevent Discrimination and Harassment Under FEHA

California Government Code section 12940(k) provides that it is unlawful employment practice for an employer, labor organization, employment agency, apprenticeship, training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring. This section creates a tort cause of action with the usual tort elements of: duty of care to plaintiff, breach of duty, causation, and damages. *Trujillo v. North Co. Transit Dist.* (1998) 63 Cal.App.4th 280, 286. No action lies for failure to take necessary steps to prevent discrimination or harassment if no such conduct in fact occurs: "There's no logic that says an employee who has not been discriminated against can sue an employer for not preventing discrimination that didn't happen, for not having a policy to prevent discrimination when no discrimination occurred." *Id.* at 289. The steps an employer takes to prevent harassment from occurring, as well as the actions taken to investigate and remedy charges of hostile work environment harassment also affects whether the employer will be held liable.

### 4. Motions:

Plaintiff may move to amend the complaint after conducting initial discovery by depositions, as well as written and document discovery; In addition, pursuant to recent case decision (*Jones v. The Lodge at Torrey Pines Partnership*), Joe Hamby and Bruce Robinson should be dismissed as defendants. Defendants do not presently contemplate bringing a motion to add other parties or claims, to file amended pleadings, to transfer venue, or the like. Defendants will submit a Motion for Summary Judgment should ADR not be successful.

### 5. Amendment of Pleadings:

4819-7591-5522.1                                     -5-

1    Plaintiff may move to amend the complaint after conducting initial discovery by
2 depositions, as well as written and document discovery; In addition, pursuant to recent case
3 decision (*Jones v. The Lodge at Torrey Pines Partnership*), Joe Hamby and Bruce Robinson
4 should be dismissed as defendants.

**6.   Evidence Preservation:**

Legal hold notices have been issued to PSC and its employees, including an Employee Questionnaire on Electronically Stored Information.

**7.   Disclosures:**

No disclosures have been made, as the first Rule 26(f) conference has not yet taken place.

**8.   Discovery:**

The parties have agreed to an abbreviated discovery in light of the pending mediation date. Defendants have produced Plaintiff's personnel file, including documents related to Plaintiff's internal complaint, to Plaintiff on July 18, 2008. In exchange, Plaintiff has agreed to have her deposition taken by Defendants on August 1, 2008. If mediation is unsuccessful, the parties intend to propound written discovery and take appropriate depositions of plaintiff, PSC employees Sarzotti, Robinson, Hamby, Blanchard, as well as other percipient witnesses disclosed or discovered in the process of initial discovery proceedings. The parties agree to have a discovery cut-off date of April 1, 2009 for all written and oral discovery.

**9.   Class Actions:**

Not applicable.

**10.  Related Cases:**

Not applicable.

**11.  Relief:**

Plaintiff alleges lost income and benefits since her cessation of employment with PSC; Plaintiff contends her hourly wage should have been $12 in mid-June 2007 for a total approaching $30,000, plus benefits and overtime, plus other economic damages according to proof; Plaintiff further contends that her non-economic damages are at least $500,000, and she is also seeking punitive damages against Defendant.

**12. Settlement and ADR:**

The parties have agreed to conduct mediation with Jeffrey Ross of Dickson & Ross LLP, on August 19, 2008. Accordingly, the parties have agreed to an abbreviated discovery. Defendants have produced Plaintiff's personnel file, including documents related to Plaintiff's internal complaint, to Plaintiff on July 18, 2008. In exchange, Plaintiff has agreed to have her deposition taken by Defendants on August 1, 2008.

**13. Consent to Magistrate Judge for All Purposes:**

The parties are not agreeable to assignment to a Magistrate Judge at this time.

**14. Other References:**

Not applicable.

**15. Narrowing of Issues:**

Aside from Plaintiff's aforementioned plan to amend the complaint to remove Joe Hamby and Bruce Robinson as defendants, the parties have not been able to narrow the issues at this time.

**16. Expedited Schedule:**

The parties do not feel this is the type of case that can be handled on an expedited basis.

**17. Scheduling:**

If mediation is unsuccessful, the parties intend to propound written discovery and take appropriate depositions of plaintiff, PSC employees Sarzotti, Robinson, Hamby, Blanchard, as well as other percipient witnesses disclosed or discovered in the process of initial discovery proceedings. The parties agree to have a discovery cut-off date of April 1, 2009 for all written and oral discovery, as well as for expert discovery. Further, in terms of Initial Expert Witness Disclosures, the parties would like to reserve their rights to amend this disclosure within 45 days after the mediation on August 19, 2008, and the parties would like to reserve their rights to amend this disclosure for Rebuttal Expert Witness Disclosures within 90 days after the mediation on August 19, 2008.

**18. Trial:**

The parties estimate the trial would last 10 trial days. Jury has been demanded by Plaintiff.

19. **Disclosure of Non-Party Interested Entities or Persons:**

At this time, neither party needs to amend its Certification of Interested Entities or Persons.

20. **Other:**

No other issues are foreseeable at this time.

DATED: July 29, 2008        LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Charles O. Thompson
David A. Lucero
Attorneys for Defendant PSC Industrial Outsourcing, Inc.

DATED: July ___, 2008       LAMBERTO & KREGER LLP

By _____
Peter N. Lamberto
Attorney for Plaintiff Lisa Marie Brayden

19. **Disclosure of Non-Party Interested Entities or Persons:**

At this time, neither party needs to amend its Certification of Interested Entities or Persons.

20. **Other:**

No other issues are foreseeable at this time.

DATED: July ___, 2008                LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Charles O. Thompson
David A. Lucero
Attorneys for Defendant PSC Industrial Outsourcing, Inc.

DATED: July 29, 2008                LAMBERTO & KREGER LLP

By _____
Peter N. Lamberto
Attorney for Plaintiff Lisa Marie Brayden