LEWIS BRISBOIS BISGAARD & SMITH LLP
CHARLES O. THOMPSON, SB# 139841
DAVID LUCERO, SB# 253300
One Sansome Street
Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendants
PSC INDUSTRIAL OUTSOURCING, INC.,
MARK BLANCHARD, JOE HAMBY, and BRUCE ROBINSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lisa Marie Brayden, <br><br> Plaintiff, <br><br> v. <br><br> PSC Industrial Outsourcing, Inc., Mark Blanchard, Joe Hamby, and Bruce Robinson, <br><br> Defendants. | CASE NO. C08-02045 PVT <br><br> **JOINT RULE 26(F) REPORT** <br><br> Scheduling Conf.: August 5, 2008 <br> 2:00 p.m. <br> Courtroom 5 <br> Hon. Patricia V. Trumbull <br><br> Action filed: August 1, 2007 |

Pursuant to Federal Rule of Civil Procedure 26(f), on July 15 and 16, 2008, electronic communication was held between Peter Lamberto of Lamberto & Kreger LLP, representing Plaintiff Lisa Marie Brayden (hereinafter "Plaintiff"), and Charles O. Thompson and David A. Lucero of Lewis Brisbois Bisgaard & Smith LLP, representing Defendants PSC Industrial Outsourcing, Inc. (hereinafter "PSC"), Mark Blanchard, and Bruce Robinson (collectively "Defendants").[1] The parties submit this Joint Rule 26(f) Report addressing the agenda items listed on the Court's April 18, 2008 Order Setting Initial Case Management Conference.

1.  Statement of the Case

Plaintiff was hired by PSC on March 1, 2007 as an at-will, part-time administrative assistant in PSC's San Ardo office. At the time of hiring, Plaintiff reported to Cheryl Sarzotti, the

---

[1] Named-defendant Joe Hamby was improperly joined as a party because Plaintiff had failed to state a viable cause of action against Hamby.

4831-9828-9410.1                                -1-
JOINT RULE 26(F) REPORT

San Ardo Office Manager. During Plaintiff's employment, she was assigned to temporarily assist Defendant Mr. Blanchard, who was the Health and Safety Supervisor at the time. Plaintiff claims that, while working with Mr. Blanchard, Mr. Blanchard physically and verbally harassed her in an inappropriate and sexual manner.

In May 2007, Ms. Brayden spoke to her supervisor, Ms. Sarzotti, about the alleged harassing conduct of Mr. Blanchard. Shortly thereafter, on May 31, 2007, Ms. Brayden submitted a formal complaint to the Employees Ethics hotline claiming she had been verbally and physically sexually harassed by Mr. Blanchard. The complaint further alleged that she had been demoted by PSC and forced to clean up hazardous material in PSC's yard in response to her prior complaints about the sexual harassment. Defendant contends that upon receiving Ms. Brayden's complaint, Bruce Robinson, the Director of Human Resources, immediately initiated an investigation into Ms. Brayden's allegations of harassment and retaliation. Mr. Robinson's investigation of Ms. Brayden's allegations of retaliation, i.e., demotion and yard duty, did not substantiate her allegations, as there is no evidence of a promise for promotion to Ms. Brayden or being forced to perform duties beyond those normally required by her position as a part-time administrative assistant.

Plaintiff contends that Mark Blanchard verbally and physically sexually harassed her during her employment with PSC. Ms. Brayden further contends that PSC, in retaliation for her claims of sexual harassment by Mr. Blanchard, demoted her to a manual labor position of yard clean-up, from her assistant safety officer position, and required her to handle toxic and/or dangerour materials without proper protective clothing and equipment, and shunned her. Ms. Brayden further contends that, as a result of this alleged retaliatory conduct, and in fear for her safety and well-being, Ms. Brayden relinquished her job on June 15, 2007, in accord with the at-will employment relationship with PSC.

Defendants unequivocally deny that Mr. Blanchard sexually harassed the Plaintiff. Defendants contend that it was Plaintiff who engaged in sexually harassing conduct toward Mr. Blanchard. Further, PSC denies that it, Joe Hamby, or Bruce Robinson ever retaliated against Plaintiff.

2. <u>Subject Matter Jurisdiction</u>

a. <u>Complaint:</u>   This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), in that it is an action between citizens of different states wherein the amount of controversy is in excess of the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

Defendants are informed and believe that Plaintiff is, and has been at all times since the commencement of this action, a citizen and resident of the State of California. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. Defendant PSC was, at the time of the filing of this action, incorporated under the laws of the State of Delaware with its principal place of business and headquarters in Houston, Texas. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. Defendant Bruce Robinson was, at the time of the filing of this action, and still is domiciled in the State of Washington, and is thus, a citizen of Washington. Defendant Mark Blanchard was, at the time of the filing of this action, and still is domiciled in the State of Louisiana, and is thus, a citizen of Louisiana. Defendant Joe Hamby, as stated above, is a fraudulent defendant.[2]

3. <u>Key Issues</u>

The parties believe the following are key legal and/or factual issues, and Defendants assert one or more affirmative defenses to Plaintiff's allegations thereon:

a. Whether Defendants engaged in conduct that constituted sexual harassment toward Plaintiff.

b. Whether PSC retaliated against Plaintiff for complaining of being sexually harassed by Defendant Blanchard.

c. Whether Plaintiff was exposed to toxic and/or harmful chemicals while working on "yard cleanup."

d. Whether Plaintiff reasonably believed she was being exposed to toxic or

---

[2] The only California defendant, Joe Hamby, was improperly joined as a party because Plaintiff had failed to state a viable cause of action against Hamby.

1  harmful chemicals when performing yard labor.

2      e.   Whether PSC constructively terminated Plaintiff's employment.

3      f.   Whether PSC failed to properly investigate Plaintiff's complaint of harassment against Defendant Blanchard.

5      g.   Whether PSC took appropriate and reasonable steps to prevent harassment by Defendant Blanchard after his alleged conduct was reported.

7      h.   Whether PSC's conduct toward Plaintiff was despicable, intentional, and/or in conscious disregard of her rights, entitling her to an award of punitive damages against Defendant.

10      i.   Whether PSC offered Plaintiff full-time employment prior to her complaint of harassment.

12     4.   <u>Parties, evidence, etc...</u>

13      a.   <u>Parties:</u>   Defendants are informed and believe that Plaintiff is, and has been at all times since the commencement of this action, a citizen and resident of the State of California. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. Defendant PSC was at the time of the filing of this action, incorporated under the laws of the State of Delaware with its principal place of business and headquarters in Houston, Texas. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. Defendant Bruce Robinson was, at the time of the filing of this action, and still is domiciled in the State of Washington, and is thus, a citizen of Washington. Defendant Mark Blanchard was, at the time of the filing of this action, and still is domiciled in the State of Louisiana, and is thus, a citizen of Louisiana. Defendant Joe Hamby, as stated above, is a fraudulent defendant.

24      b.   <u>Key Witnesses and Documents:</u>   In addition to the parties to this action, Ms. Brayden provided three witnesses to support her allegations of harassment: Renee Elliot; Sarah Chavez; and Elizabeth Zuniga. These witnesses will provide relevant testimony regarding Plaintiff's allegations of harassment and retaliation.

28     5.   <u>Damages</u>

1     a.    Complaint:    Plaintiff alleges lost income and benefits since her cessation of employment with PSC; Plaintiff contends her hourly wage should have been $12 in mid-June 2007 for a total approaching $30,000, plus benefits and overtime, plus other economic damages according to proof; Plaintiff further contends that her non-economic damages are at least $500,000, and she is also seeking punitive damages against Defendant.

6. Insurance

Defendants have liability insurance under PSC's Employment Practices Liability policy, which has a policy limit of $5,000,000.

7. Motions

Plaintiff may move to amend the complaint after conducting initial discovery by depositions, as well as written and document discovery; In addition, pursuant to recent case decision (*Jones v. The Lodge at Torrey Pines Partnership*), Joe Hamby and Bruce Robinson should be dismissed as defendants. Defendants do not presently contemplate bringing a motion to add other parties or claims, to file amended pleadings, to transfer venue, or the like. Defendants will submit a Motion for Summary Judgment should ADR not be successful.

8. Manual for Complex Litigation

The parties do not believe that the Manual for Complex Litigation would apply to this case.

9. Status of Discovery

The parties have agreed to conduct mediation with Jeffrey Ross of Dickson & Ross LLP, on August 19, 2008. Accordingly, the parties have agreed to an abbreviated discovery. Defendants have produced Plaintiff's personnel file, including documents related to Plaintiff's internal complaint, to Plaintiff on July 18, 2008. In exchange, Plaintiff has agreed to have her deposition taken by Defendants on August 1, 2008.

[Initial Disclosures]

10. Discovery Plan

Please see No. 9 above. If mediation is unsuccessful, the parties intend to propound written discovery and take appropriate depositions of plaintiff, PSC employees Sarzotti, Robinson,

Hamby, Blanchard, as well as other percipient witnesses disclosed or discovered in the process of initial discovery proceedings.

11. <u>Discovery Cut-off</u>

Should mediation be unsuccessful, the parties agree to have a discovery cut-off date of April 1, 2009 for all written and oral discovery.

12. <u>Expert Discovery</u>

    a. <u>Initial Expert Witness Disclosures:</u> The parties would like to reserve their rights to amend this disclosure within 45 days after the mediation on August 19, 2008.

    b. <u>Rebuttal Expert Witness Disclosures:</u> The parties would like to reserve their rights to amend this disclosure within 90 days after the mediation on August 19, 2008.

    c. <u>Expert Discovery Cutoff:</u> April 1, 2008.

13. <u>Dispositive Motions</u>

    a. <u>Plaintiff:</u> None.

    b. <u>Defendants:</u> Depending on the development of the evidence, Defendants anticipate moving for Summary Judgment [or Summary Adjudication in the alternative] based on witness testimony that Mr. Blanchard never initiated grabbed or touched Plaintiff, as well as testimony from Plaintiff's supervisors that Plaintiff was performing warehouse cleanup [as opposed to yard cleanup], which is a duty required of her position.

14. <u>Settlement</u>

    a. <u>Mediation:</u> All parties have expressed interest in resolving this matter, and agreed to promptly enter into the aforementioned abbreviated discovery process. Mediation has been scheduled for August 19, 2008 with Mediator Jeffrey Ross of Dickson & Ross LLP.

    b. <u>Choice of ADR Method (Local Rule 16-15):</u> Mediation has been chosen as the parties' agreed-upon ARD method.

15. <u>Trial Estimate</u>

Ten trial days. Jury has been demanded by Plaintiff.

16. <u>Trial Counsel</u>

1        a.     <u>Plaintiff:</u>

2             Peter Lamberto

3        b.     <u>Defendants:</u>

4             Charles O. Thompson (lead) and David A. Lucero

5    17.     <u>Independent Expert:</u>

6 The parties do not believe this is a case where the Court should consider appointing an

7 independent scientific expert.

8    18.     <u>Timetable</u>

9 See proposed discovery timetable above.

10    19.     <u>Other Issues:</u>

11 None are contemplated at this time.

12    20.     <u>Magistrate Judge</u>

13 The parties are not agreeable to assignment to a Magistrate Judge at this time.

16 DATED: July 25, 2008           LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
    Charles O. Thompson
    David A. Lucero
    Attorneys for Defendant PSC Industrial Outsourcing, Inc.

23 DATED: July ___, 2008           LAMBERTO & KREGER LLP

By _____
    Peter N. Lamberto
    Attorney for Plaintiff Lisa Marie Brayden

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

  a. <u>Plaintiff</u>:

  Peter Lamberto

  b. <u>Defendants</u>:

  Charles O. Thompson (lead) and David A. Lucero

17. <u>Independent Expert</u>:

The parties do not believe this is a case where the Court should consider appointing an independent scientific expert.

18. <u>Timetable</u>

See proposed discovery timetable above.

19. <u>Other Issues</u>:

None are contemplated at this time.

20. <u>Magistrate Judge</u>

The parties are not agreeable to assignment to a Magistrate Judge at this time.

DATED: July 25, 2008  LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Charles O. Thompson
David A. Lucero
Attorneys for Defendant PSC Industrial Outsourcing, Inc.

DATED: July 24, 2008  LAMBERTO & KREGER LLP

By _____
Peter N. Lamberto
Attorney for Plaintiff Lisa Marie Brayden

4831-9828-9410.1  -7-
JOINT RULE 26(F) REPORT